## Hill v. Mayusky (No. 1)

*Daniel W. Kearney* and *Frank Rejevich*, for plaintiff.

*Richard H. Klein*, for defendants.

TROUTMAN, J., April 4, 1960.—Plaintiff, Pauline A. Hill, brought this action in trespass against defendants to recover damages for personal injuries alleged to have been suffered by her in an automobile-truck collision. Defendants filed an amended answer which included amended new matter. In paragraph 31 of the amended new matter, defendants pleaded as a complete defense to the action a release from plaintiff to both defendants executed on August 15, 1958. In her

reply to paragraph 31 of the amended new matter she admits that she did execute a purported release, but it is further averred that at the time of signing said release plaintiff lacked sufficient mental capacity to comprehend the nature of the instrument she was signing or understand the effect of her act. Defendants have filed preliminary objections in the nature of a motion for a more specific reply to paragraph 31 of defendants' reply to new matter, which is now before the court for disposition.

In their preliminary objections defendants contend that plaintiff's reply to paragraph 31 as presently drawn is the mere pleading of a legal conclusion as to mental incapacity and does not give to defendants the facts which plaintiff claims supports this legal conclusion of mental incapacity.

Rule 1019(b) of the Pennsylvania Rules of Civil Procedure an assumpsit rule which applies in trespass pleading under the conformity rule 1041, provides that averments of fraud or mistake shall be averred with particularity but that malice, intent, knowledge and other conditions of mind may be averred generally.

As a matter of sheer necessity, rule 1019(b) permits conditions of the mind, such as malice, intent or knowledge to be pleaded generally. There is really no choice, since there is no other way to plead such matter. Any effort to particularize will necessarily lead into the pleading of detailed evidence to support the averment of malice, intent or knowledge: 1 Goodrich-Amram, Procedural Rules Service, §1019(b)-2. However, it does not relate to the physical or medical condition of the mind.

In Garvin v. Union National Bank, 16 Beaver 208 (1954), the court held that an averment that a person lacked "sufficient mental capacity to comprehend" is adequate under rule 1019(b). The court, in this case, concluded that the averment is adequate for the

reason that "sufficient mental capacity to comprehend" is a specific condition construed many times by courts and sufficiently informs defendant as to the issue that must be met upon the trial.

In order to describe in detail the mental capacity of plaintiff a pleading of evidentiary facts would of necessity result. We agree with the conclusion reached by the Court of Common Pleas of Beaver County, that an averment in the pleading to the effect that there was a lack of sufficient mental capacity to comprehend adequately raises the issue which defendants will have to meet. If any further information would be required by defendants, they have a right to resort to discovery as provided by the rules of civil procedure in that regard.

Finding no merit in defendants' preliminary objection, the same must be overruled.

### Order

And now, to wit, April 4, 1960, defendants' preliminary objection to plaintiff's reply to new matter as contained in defendants' amended answer in the nature of a motion for a more specific reply is hereby overruled.

Let an exception be noted for defendants.